UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARY LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-00140 |
| | ) | REEVES/LEE |
| AXA FINANCIAL, INC., | ) | |
| AXA EQUITABLE LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| LARRY GEORGE, and | ) | |
| WILL EVANS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Mary Lee brings this action against AXA Financial, Inc. ("AXA Financial"), AXA Equitable Life Insurance Company ("AXA Equitable"), Larry George, and Will Evans (collectively "Defendants") alleging negligence, breach of fiduciary duty, breach of contract, and respondeat superior. This case arises from a meeting held on October 23, 2014 between Ms. Lee, her now-deceased husband, Mr. George, and Mr. Evans regarding her husband's variable annuity IRA and the changing of the beneficiary on that IRA from Mr. Lee's brother to Mrs. Lee.

Before the court are three motions: Mr. Evans and Mr. George's Motion to Strike Plaintiff's First Amended Complaint (ECF. 37), AXA Equitable's Motion to Dismiss for Failure to State a Claim (ECF. 39), and Plaintiff's Second Motion to Amend/Revise Amended Complaint (ECF. 42). Plaintiff's Second Motion to Amend/Revise Amended Complaint has been opposed by Defendants as "futile". ECF. 47; ECF. 48.

Based on the facts as presented in the complaint, Plaintiff's Second Motion to Amend (ECF. 42) is **GRANTED** as sufficient to overcome the motions to dismiss as described in *Foman v. Davis*. Accordingly, Defendants' Motions to Dismiss (ECF. 37; ECF. 39) is **DENIED**.

## I. Background

Mr. Dalen Lee was a customer of AXA Equitable and owned at least three different accounts and/or financial products with the company. On March 4, 2013, Mr. Lee created variable annuity IRA #313008923 ("the IRA") with AXA Equitable.

During 2014, Mr. Lee discovered that he had a terminal illness, and on October 24, 2014, Mr. Lee married Mrs. Mary Lee. One day before their marriage, Mr. Lee and the soon-to-be Mrs. Lee met with Mr. Larry George and Mr. Will Evans, both employees of AXA Financial and AXA Equitable. According to Mrs. Lee, the intent of this meeting was to change the beneficiary on each of Mr. Lee's accounts from Mr. Lee's brother to Mrs. Lee, including the IRA. Mrs. Lee also alleges that an oral promise was made by Mr. George and Mr. Evans to change the beneficiary on these accounts through whatever forms were required to be created and submitted. Two of the financial products that Mr. Lee owned with AXA Equitable were updated to reflect Mrs. Lee as the beneficiary, but the IRA was not.

Mr. Lee died on June 27, 2015 after moving to Florida with Mrs. Lee. The value of the IRA on the date of Mr. Lee's death was $135,373.76. After Mr. Lee's death, Mrs. Lee received mail from AXA Equitable indicating that she was not the beneficiary on Mr. Lee's IRA and that she would not be receiving the payment as she had expected.

On June 26, 2018, Mrs. Lee filed a complaint against Mr. George, Mr. Evans, AXA Equitable, and AXA Financial, which wholly owns AXA Equitable as a subsidiary corporation. ECF. 1. On September 27, 2018, Mr. George and Mr. Evans properly filed a motion to dismiss for

failure to state a claim under Fed. R. Civ. Proc. 12(b)(6) (ECF. 18) to which Mrs. Lee responded on October 1, 2018 with a motion to amend her complaint under Fed. R. Civ. Proc. 15(a)(2) (ECF. 23), which the court granted on October 10, 2018 (ECF. 28) after receipt of the Stipulation allowing the filing of the amended complaint (ECF. 27). Mrs. Lee filed her First Amended Complaint ("FAC") the same day the order was granted, October 10, 2018 (ECF. 29). AXA Financial then filed a joint motion for extension of time to file an answer on October 15, 2018 (ECF. 32), and the court issued a scheduling order on October 29, 2018 setting a trial date for January 28, 2020 (ECF. 36). On October 31, 2018, Mr. George and Mr. Evans filed a 12(b)(6) motion to dismiss the FAC (ECF. 37). AXA Equitable and AXA Financial filed a 12(b)(6) motion making similar arguments and citing similar authorities on November 2, 2018 (ECF. 39). Mrs. Lee then responded on November 14, 2018 with a second motion to amend her complaint attaching her proposed Second Amended Complaint ("SAC"). (ECF. 42). All defendants then filed responses on November 29, 2018 (ECF. 45; ECF. 46; ECF. 47), arguing that the SAC did not overcome the defects of the FAC.

**II. Analysis**

*a. Procedural Analysis*

Plaintiff's Second Motion to Amend (ECF. 42) was filed fourteen days after the earlier of the two Defendants' Motions to Amend (ECF. 37; ECF. 39). Despite not raising the argument in her responses or motions, Plaintiff has a legal basis to assert that she preserved her one-time right to amend as of course under Fed. R. Civ. Proc. 15(a)(1)(B) because her first amendment was made by stipulation rather than as a matter of course. This amendment was also timely under the rule because it was made within 21 days of a 12(b)(6) motion.

3

Based on the decisions of the Sixth Circuit[1], the District Court for the Eastern District of Tennessee[2], other District Courts within the Sixth Circuit[3], and other appellate courts[4], a simple order granting the Second Motion to Amend (ECF. 42) and holding the Motions to Dismiss (ECF. 37; ECF. 39) as moot on these procedural grounds would be valid. However, that order would likely lead to further delay and the filing of redundant motions. Determining whether leave should be granted to amend as well allows the court to resolve these motions on the merits. As the Supreme Court wrote in the landmark case on Fed. R. Civ. Proc. 15(a), "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

  b. *Standard of Review*

The court must decide whether the motion to amend and the attached proposed SAC meet the standard from *Foman* for granting leave to amend. The enumerated reasons for denying such a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment," but the most important to evaluate in this case is whether the amendment would not allow the complaint to

---

[1] *Glazer v. Chase Home Fin.* 704 F.3d 453, 458 (6th Cir. 2013) (deciding that amending party had waived his right to argue ability to amend as of right by requesting leave of the court in his pleadings but only as it pertained to the arguments in the appeal, not limiting the district court's ability to grant such an amendment)
[2] *Steele v. Lvnv Funding LLC*, No. 3:15-CV-263-TAV-HBG, 2016 WL 593593, at *2 (E.D. Tenn. Feb. 12, 2016) (allowing an amendment as a matter of right after an initial amendment was made by obtaining leave under Fed. R. Civ. Proc. 15(a)(2)).
[3] *Green v. Southfield*, No. 15-13479, 2016 WL 692529, at *3 (E.D. Mich. Feb. 22, 2016) (recognizing the "one-time right to amend as a matter of course under Rule 15(a)(1)" and its ability to be invoked even after obtaining leave from the court or consent of the other party for its first amendment).
[4] *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006–07 (9th Cir. 2015) (finding that after achieving first amendment based on stipulation, amending party may still use amendment as a matter of course under Rule 15 because Fed. R. Civ. Proc. 15 is "organized substantively, not chronologically").

overcome the motions to dismiss, known as the futility of the amendment. *Foman*, 371 U.S. at 182.

The standard of "plausibility," as laid out in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal,* determines whether a complaint should survive a motion to dismiss. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face… A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Taylor v. City of Saginaw*, 922 F.3d 328, 331–32 (6th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Smith v. Tipton Cty. Bd. of Educ.*, 916 F.3d 548, 551–52 (6th Cir. 2019) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)).

    c. *Claim for Relief: Negligence*

Plaintiff first alleges that the Defendant acted negligently in failing to update the beneficiary on the IRA. To find a defendant acted negligently, the Plaintiff must show that there was a duty of care owed by the defendant to the plaintiff, that conduct of the defendant breached that duty of care, there was an injury or loss, the defendants' actions caused the injury in fact, and the defendants' actions were the proximate cause of the injury. *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008). Plaintiff also alleges that she may sue on behalf of her husband based upon the Tennessee statute that provides for a spouse to continue a cause of action upon the death of the wronged person. Tenn. Code Ann. § 20-5-101–6 (West).

5

Plaintiff claims that a duty was owed to her late husband by the Defendants to change the IRA beneficiary properly, the Defendants breached that duty by not updating the beneficiary to the Plaintiff, this action caused an injury to the Plaintiff by frustrating her late husband's wishes to have the IRA benefit Plaintiff after his death, and that these actions were both the cause-in-fact and the proximate cause of the injury. ECF. 42. Based on these facts, Plaintiff meets the standard of alleging sufficient facts to withstand the motions to dismiss.

### d. *Claim for Relief: Breach of Fiduciary Duty*

Plaintiff alleges in the second count of her complaint that Defendants breached a fiduciary duty to her husband. According to Tennessee law, "An agent is a fiduciary with respect to the matters within the scope of his agency. . . and. . . is bound to the exercise of the utmost good faith, loyalty, and honesty toward his principal or employer." *French v. First Union Sec., Inc.*, 209 F. Supp. 2d 818, 825 (M.D. Tenn. 2002). In *Morrison v Allen*, 338 S.W.3d 417, 438, the Tennessee Supreme Court found an insurance agent to be in a fiduciary relationship with their client, but did not create a general rule on whether this relationship always constituted a fiduciary relationship.

Plaintiff asserts that her late husband was in a fiduciary relationship with the Defendants based on the three financial products he held through their company and with their assistance, that the fiduciary duty was breached when the Defendants failed to update the IRA as Mr. Lee had requested, and that the damages, in the form of the frustration of his wishes for the IRA to benefit his wife, were caused by this breach. ECF. 42. Plaintiff also asserts that Tenn. Code Ann. 20-5-101–6 applies in this claim as well, allowing her to bring this claim on behalf of her husband. These facts are enough to survive a motion to dismiss this claim for breach of fiduciary duty.

6

*e. Claim for Relief: Respondeat Superior*

In the third count of her complaint for respondeat superior, Plaintiff alleges that AXA Financial and AXA Equitable should be held liable for the damages caused by the negligence of their agents. Under Tennessee law, the plaintiff must show that the agent was in fact the agent of the principal and was acting on the principal's business and within the scope of the agent's employment when the injury occurred. *Tennessee Farmers Mut. Ins. Co. v. Am. Mut. Liab. Ins. Co.*, 840 S.W.2d 933, 937 (Tenn. Ct. App. 1992).

Plaintiff alleges that Mr. Evans and Mr. George were employees of AXA Financial and AXA Equitable when they failed to update Mr. Lee's IRA and that this responsibility was within the duties and the scope of their employment when the injury to Mr. Lee occurred. ECF. 42. With these facts taken as true, the Plaintiff meets the plausibility standard to survive a motion to dismiss on the respondeat superior claim.

*f. Claim for Relief: Breach of Contract*

Plaintiff alleges in the fourth and final count that Defendants breached an oral contract when they did not update the beneficiary on the IRA. In order to prevail under Tennessee law, the Plaintiff must show the existence of an enforceable contract, the nonperformance of that contract amounting to a breach, and damages caused by that breach. *Bancorpsouth Bank Inc v. Hatchel*, 223 S.W.3d 223, 227 (Tenn. App. 2006). On the existence of an enforceable contract, the Sixth Circuit has called this a "mixed question of law and fact." *Indmar Prod. Co. v. Comm'r*, 444 F.3d 771, 784–85 (6th Cir. 2006). In this case, that mixed question includes, factually, whether an oral agreement occurred at all, and, legally, whether that agreement met the legal qualifications for

being enforceable. For the Plaintiff to prevail, the contract must be proven by a preponderance of the evidence. *Next Generation, Inc. v. Wal-Mart*, Inc., 49 S.W.3d 860, 863 (Tenn. Ct. App. 2000).

Plaintiff presents facts showing that the two parties agreed orally to update the beneficiary on the account, there was consideration for this promise in the form of fees and continued business with the company, the Defendants did not perform under this oral agreement, and this caused injury to Mr. Lee in the form of frustration of his wishes to have the IRA benefit his wife. ECF. 42. This, along with Plaintiff's argument that she was an "intended beneficiary" as defined in *Owner-Operator Indep. Drivers Ass'n, Inc. v. Concord EFS, Inc.*, 59 S.W.3d 63, 68–69 (Tenn. 2001), who may sue to enforce the contract (ECF. 41), shows that Plaintiff has alleged sufficient facts to survive the motions to dismiss this claim.

### III. Conclusion

Based on both the ability of the Plaintiff to amend as a matter of course and the above analysis that all four counts meet the plausibility standard of *Twombly* and *Iqbal* allowing amendment by leave of the court, Plaintiff's Second Motion to Amend (ECF. 42) is **GRANTED**, and AXA Financial and AXA Equitable's Motion to Dismiss for Failure to State a Claim (ECF. 39) and Mr. Evans and Mr. George's Motion to Dismiss and to Strike Plaintiff's First Amended Complaint (ECF. 37) are **DENIED.**

CHIEF UNITED STATES DISTRICT JUDGE